UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHERINE SUZANNE STEMPIEN,

      Plaintiff,

v.                                Case No. 8:22-cv-1815-VMC-TGW


CENTRAL MUTUAL INSURANCE COMPANY,

      Defendant.
_____/

## ORDER

    This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

## Discussion

    "Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

    Plaintiff Catherine Suzanne Stempien initiated this car accident insurance coverage case in state court on July 18, 2022. Thereafter, on August 9, 2022, Defendant Central Mutual

Insurance Company removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 1-1 at ¶ 1). Instead, in its notice of removal, Central Mutual relied upon Ms. Stempien's pre-suit demand for the full policy limit of $500,000 as well as the state court civil cover sheet which indicated the claim is in excess of $100,000. (Doc. # 1 at ¶ 7).

Upon review of the notice of removal, the Court was not persuaded that the amount in controversy has been satisfied. (Doc. # 3). Specifically, the Court concluded that the pre-suit demand letter and state court civil cover sheet were insufficient to establish that the amount in controversy exceeds $75,000. (Id.) (citing Lamb v. State Farm Fire. Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purpose of diversity jurisdiction") and Bell v. Ace Ins. Co. of the Midwest, No. 2:20-cv-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) ("To give the state civil cover sheet a substantive effect for purposes of the removal statute, as Plaintiffs argue the Court should do, would contravene the Supreme Court of Florida's own rule prohibiting the use of information in the cover sheet for any purpose other than the State's collection of data")). The Court gave Central Mutual an opportunity to provide additional information to establish the amount in controversy.

Central Mutual has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 10). But Central Mutual still fails to show by a

preponderance of the evidence that the amount in controversy exceeds $75,000. While Central Mutual emphasizes the pre-suit demand letter, the Court continues to find that the demand letter reflects puffing and posturing. Such demand for $500,000 is not an accurate estimate of the damages at issue in this case, and thus does not satisfy the amount in controversy requirement.

Central Mutual relies on the medical records that Ms. Stempien included with her demand letter to support her initial request for $500,000 (Doc # 10 at 4). However, Central Mutual acknowledges that the medical records demonstrate that Ms. Stempien has only incurred $59,512.47 in concrete damages. (Id.). Although Central Mutual posits that Ms. Stempien may have "additional medical costs not yet accounted," and has "ongoing swelling, stiffness, and pain," Central Mutual does not provide an estimate for Ms. Stempien's future medical costs or pain and suffering. (Id.). Any other damages based on future medical expenses or pain and suffering are too speculative to include in the Court's calculation. See Pennington v. Covidien LP, No. 8:19-cv-273-T-33AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019) (excluding lost wages and pain and suffering damages from the amount in controversy calculation because the Court "would [] be

4

required to engage in rank speculation to ascribe any monetary value to these damages").

Central Mutual additionally asserts that the state court civil cover sheet may be used to determine the amount in controversy for removal purposes. (Doc. # 10 at 3). However, the Court maintains that it will not consider the estimated amount of the claim from the state court civil cover sheet because that cover sheet states that the "amount of the claim shall not be used for any other purpose" than the state court's "data collection and clerical processing purposes." (Doc. # 1-5 at 1).

In short, Central Mutual has not carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

5

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this

16th day of August, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE